IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MANUFACTURERS COLLECTION COMPANY, LLC,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-853-L** |
| | § | |
| **PRECISION AIRMOTIVE, LLC and PRECISION AIRMOTIVE HOLDINGS, LLC,** | § | |
| | § | |
| | § | |
| | § | |
| Defendants and Third Party Plaintiffs, | § | |
| | § | |
| **LYCOMING ENGINES**, an unincorporated operating division of **AVCO CORPORATION**, | § | |
| | § | |
| | § | |
| | § | |
| Third Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants and Third-Party Plaintiffs Precision Airmotive LLC and Precision Airmotive Holdings LLC's Motion for Summary Judgment, filed August 14, 2012; Third-Party Defendant AVCO Corporation's Motion for Continuance Pursuant to FRCP 56(d), filed September 18, 2012; and Manufacturers Collection Company, LLC's Motion for Continue Summary Judgment Hearing, filed September 18, 2012.  After the considering the motions, the court **grants** Third-Party Defendant AVCO Corporation's Motion for Continuance Pursuant to FRCP 56(d) (Doc. 38); **grants** Manufacturers Collection Company, LLC's Motion for Continue Summary Judgment Hearing (Doc. 39); and **strikes** the current summary judgment reply filed by Defendants and Third Party Plaintiffs Precision Airmotive, LLC and Precision Airmotive Holdings, LLC (collectively,

**Memorandum Opinion and Order – Page 1**

"Precision") (Docs. 43-44), as the court will allow them to jointly file replies to MCC's and AVCO's summary judgment responses and supplemental responses.

## I.    Background

Plaintiff Manufacturers Collection Company, LLC ("MCC") originally filed this case on February 27, 2012, in the 44th Judicial District Court, Dallas County, Texas, against Precision, seeking indemnity for all sums paid by Lycoming Engines, a Division of AVCO Corporation ("AVCO"), to plaintiffs in the products liability action *Pridgen, et al. v. Parker Hannifin, et al.* ("*Pridgen* Action").  According to MCC's pleadings, the *Pridgen* Action was brought in the Court of Common Pleas of Philadelphia County, Pennsylvania, in July 2001, and arose out of the August 1, 1999 aircraft accident near Youngstown-Elser Metro Airport in North Lima, Ohio involving a Piper Cherokee N5526J aircraft.  The plaintiffs in the *Pridgen* Action contended that the aircraft engine's fuel system components, fuel delivery system, and fuel valve were defective, and caused a loss of engine power that resulted in the aircraft accident that killed three people and injured one person.  MCC alleges that AVCO manufactured the engine and Precision manufactured the fuel control components or carburetor in the Piper Cherokee N5526J.

Precision removed the case to federal court on March 22, 2012.  On July 11, 2012, the court entered a scheduling order, setting the deadline for discovery on July 1, 2013, and the dispositive motion deadline for July 15, 2012.  Precision moved for summary judgment on August 14, 2012. On September 18, 2012, MCC and AVCO moved for a continuance under Rule 56(d) of the Federal Rules of Civil Procedure.  On the same day, MCC and AVCO also filed responses to Precision's summary judgment motion subject to their Rule 56(d) motions.  The court addressed first the MCC's and AVCO's Rule 56(d) motions.

## II.      Rule 56(d) Motions

Under Rule 56(d), if a summary judgment nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer ruling on or deny the summary judgment motion, provide the nonmovant with time to obtain affidavits or conduct discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). "[Rule 56(d) ] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir.2006).  To obtain a continuance for purposes of obtaining discovery:

> a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence. The non-moving party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment. If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.

*Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720-21 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000) (internal citations and quotations omitted).

AVCO and MCC both presented evidence in the form of declaration testimony that sets forth a number of issues for which discovery is sought, including corporate representative deposition testimony, to respond to Precision's summary judgment motion.  Much of the discovery needed regards Precision's acquisition of and the transfer of assets pertaining to the MA-4-5 carburetor line and other discovery relating to Precision's innocent seller argument.  Precision counters that AVCO and MCC have known that Precision would be moving for summary judgment no later than June 2012 and have nevertheless delayed in conducting discovery.  Precision further contends that the same documents now sought by AVCO were available to it in *Pridgen* Action.

In a separate objection filed on October 16, 2012, MCC also contends that Precision has attempted to "backload" and inject new issues in its summary judgment reply brief and a supporting affidavit, "such as whether the allegedly defective nature of the carburetor and its components was at issue in the underlying suit," which should have been included in its original motion.  Obj. 1. MCC further asserts that Precision is attempting to avoid the page limits for reply briefs and the court's denial of Precision's prior request to file two summary judgment motions by attaching to the affidavit a number of documents that appear to be briefing from the prior litigation.  MCC contends that it is prejudiced by not being able to respond to the new arguments and evidence, or alternatively, that it should be allowed to respond and given 21 days from the date an order is entered to do so.

III.    **Conclusion**

The court determines that MCC and AVCO have met their burden and are entitled to a continuance under Rule 56(d).  Accordingly, the court **grants** Third-Party Defendant AVCO Corporation's Motion for Continuance Pursuant to FRCP 56(d) (Doc. 38) and Manufacturers Collection Company, LLC's Motion for Continue Summary Judgment Hearing (Doc. 39); and MCC and AVCO shall have until **January 15, 2013**, to file supplemental responses to the pending summary judgment motion. MCC's combined page limit for its response and supplemental response must not  exceed the page limit applicable to summary judgment responses under Local Civil Rule 56.  The same page limitation applies to AVCO's response and supplemental response.

The court **strikes** the current summary judgment reply filed by Defendants and Third Party Plaintiffs Precision (Docs. 43-44), as the court will allow them to jointly file replies to MCC's and AVCO's summary judgment responses and supplemental responses.  The replies may not include matters raised for the first time and must be limited to issues raised by the summary judgment

motion, and MCC's and AVCO's responses and supplement responses.  All responses and replies shall adhere to the requirements and deadlines of Local Civil Rule 56 of this district, unless the court grants leave to do otherwise.  **Given the age of this motion, the court will not grant any further extensions of the deadlines set forth in Local Civil Rule 56.**

**It is so ordered** this 25th day of October, 2012.


Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 5**