IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUFACTURERS COLLECTION COMPANY, LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:12-cv-853-L |
| PRECISION AIRMOTIVE, LLC and PRECISION AIRMOTIVE HOLDINGS, LLC, | § § § § | |
| Defendants and Third-Party Plaintiffs, | § § § | |
| V. | § § | |
| LYCOMING ENGINES, an unincorporated operating division of AVCO CORPORATION, | § § § § § | |
| Third-Party Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

### Background

Third-Party Defendant Lycoming Engines, an unincorporated division of AVCO Corporation, ("AVCO") has filed a Motion to Compel against Precision Airmotive, LLC and Precision Airmotive Holdings, LLC (collectively, "Precision") [Dkt. No. 140]. District Judge Sam A. Lindsay has referred the Motion to Compel Discovery ("Motion") to the undersigned magistrate judge for determination. *See* Dkt. No. 152.

Complying with the Court's order [Dkt. No. 154], AVCO and Precision filed a Joint Status Report ("JSR") on May 12, 2014 [Dkt. No. 179], informing the Court that

the parties were able to resolve many issues but that a few outstanding disputes still remain. *See* Dkt. No. 179 at 2-4. AVCO and Precision could not reach an agreement on Interrogatory Nos. 6, 7, and 16. *See id.* at 4-6. They also could not reach an agreement related to communications that AVCO claims should be returned based on a Clawback Agreement between the parties and pursuant to Federal Rule of Civil Procedure 26(b)(5). *See id.* at 6-8.

Having considered the JSR, the Court makes the following rulings.

## Analysis

1. Interrogatory Nos. 6 & 7

   *Interrogatory No. 6: State in detail all instances in which Precision has asserted, represented, acted as, or claimed to be the manufacturer of the product line for MA-4-5 carburetor and any of its component parts.*

   *Interrogatory No. 7: State in detail all instances in which Precision has asserted, represented, acted as, or claimed to be an entity that placed into commerce any MA-4-5 carburetor or any of its component parts, any Float Kit, any Pump Assembly Lever, and/or any Venturi.*

   AVCO has conceded that these interrogatories could be answered in general terms, such as "to the FAA, to the end user in the manual, etc.," but contends that the supplemental response that Precision provided is nonetheless deficient. That supplemental response stated that Precision did manufacturer carburetors in the MA-4-5 product line from 1991 to 2007 and that it held itself out to be the manufacturer of the carburetors during that time period to entities in the ordinary course of business, "including the FAA, NTSB, and others." Dkt. No. 179 at 5. Precision maintains that its counsel is "now confused as to what more AVCO seeks with regard to these

interrogatories." *Id.*

In its Third-Party Complaint, Precision alleges that it "did not manufacture or sell the carburetor on the aircraft" in the underlying litigation. Dkt. No. 9 at 5. At bottom, then, Precision's objection is based on relevance – because it did not manufacture or sell the carburetor at issue in the underlying litigation, the interrogatories seek irrelevant information. But the threshold for relevance in discovery is low. *See U.S. ex rel. Becker v. Tools & Metals, Inc.*, No. 3:05-cv-627-L, 2011 WL 856928, at *2 (N.D. Tex. Mar. 11, 2011). So long as discovery is "reasonably calculated to lead to the discovery of admissible evidence," it is relevant. FED. R. CIV. P. 26(b)(1).

Give the low threshold of relevance for discovery, the Court finds that AVCO's interrogatories seek information that could bear on, or reasonably could lead to other matters that could bear on, the issues in this case. They do not run afoul of Rule 26(b)(1)'s relevance requirement.

Reviewing the responses provided by Precision – even if their deficiency remains unclear to Precision – the Court finds that Precision's use of the phrase "and others" is a deficiency. It is not AVCO's burden to determine what business entities constitute "and others," and, because Precision put its manufacturing and selling of the carburetor at issue, Precision must be forthright and clear in its responses.

The Court GRANTS AVCO's Motion to Compel as to Interrogatory Nos. 6 & 7 and ORDERS Precision to provide AVCO with all instances in which Precision represented that it was a manufacturer of the MA-4-5 carburetor and/or the component

parts. Based on the parties' agreement, Precision may identify the entities and instances in general terms; however, the use of "and others" is not an acceptable response. Precision must comply with this requirement by **May 30, 2014**.

2. <u>Interrogatory No. 16.</u>

*Interrogatory No. 16: State in detail any and all products manufactured by AVCO that Precision has sold.*

AVCO and Precision could not reach an agreement on the sufficiency of Precision's response to this interrogatory. Precision claims that the interrogatory demonstrates a misunderstanding of Precision's allegations. But, subject to its position, Precision states that it is "unaware of any other products manufactured by AVCO that were alleged to have been sold by Precision." *See* Dkt. No. 179 at 6. AVCO argues that Precision is merely asserting its defensive theories, which do not constitute proper discovery responses.

In its Second Amended Complaint, MCC alleges that, under the Texas Civil Practice and Remedies Code, MCC is entitled to judgment against Precision for indemnity from and against any and all sums as a result of the occurrence made the basis of the underlying action. *See* Dkt. No. 107 at 22. It appears, then, that MCC is alleging that it is an innocent seller under the Code. *Id.* at 25. MCC also alleges that it is entitled to indemnity from Precision under a common law theory of indemnity. *Id.*

A seller under the applicable indemnity section of the Texas Civil Practice and Remedies Code is an entity "who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption

a product or any component part thereof." TEX. CIV. PRAC. & REM. CODE § 82.001(3). The Texas Civil Practice and Remedies Code further mandates that "[a] manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable." *Id.* § 82.002(a).

While the Court is not convinced that the information that AVCO seeks is relevant to any party's claims, it does not appear that Precision has affirmatively asserted a relevance objection. And Precision responded to the interrogatory, subject only to its position that the request and AVCO misunderstand Precision's allegations. AVCO merely points out that Precision has not fully responded to the interrogatory and instead asserted its defensive theories. The Court agrees. Precision's response that it is "unaware of any other products manufactured by AVCO that were alleged to have been sold by Precision" does not answer Precision's fairly straightforward inquiry: What products manufactured by AVCO has Precision sold?

The Court GRANTS AVCO's motion to compel as to Interrogatory No. 16. By **May 30, 2014**, Precision must either state all products manufactured by AVCO that Precision has sold or state that no such products are sold by Precision.

3. <u>Clawback Agreement</u>

AVCO and Precision entered into a Clawback Agreement on March 3, 2014, to address instances in which a party inadvertently discloses a privileged document. *See* Dkt. No. 179 at 6. The agreement was made pursuant to Rule 26(b)(5)(B). The parties

did not provide the Court with a copy of the agreement.

AVCO claims to have inadvertently produced an email in its production and, under the Clawback Agreement and Federal Rules, has requested that the email be returned. Precision refuses to return the document, arguing that AVCO waived privilege on the document – along with many other documents – because AVCO has failed to disclose or otherwise identify this document, and others, in a privilege log. *See* Dkt. No. 179 at 7. The JSR reports that "Precision has not foreclosed the possibility of returning this document, but has instead informed AVCO that because this document falls within the scope of the documents sought by Precision's pending (and fully briefed) motion to compel, Precision intends to await the Court's resolution of that motion before determining whether to return the document in question" and that "AVCO has not explained any prejudice it will incur from this approach." *Id.*

Precision's statement of its position is not entirely consistent with the operation of, and Precision's obligations under, Rule 26(b)(5). Once AVCO notified Precision of the privilege claim, Rule 26(b)(5)(B) dictates that Precision "must promptly return, sequester, or destroy the specified [document] and any copies it has" and "must take reasonable steps to retrieve the [document] if [Precision] disclosed it before being notified." FED. R. CIV. P. 26(b)(5). If Precision elects not to return the document while (and because) the document's privileged status is being resolved by the Court, Precision must "sequester" the document "and any copies it has" and "must not use or disclose the information until the claim [of privilege] is resolved." *Id.* If the privilege claim is upheld, Precision will not have a choice as to whether it will return the document. At

that point, Rule 26(b)(5) will require Precision to return (or destroy) the document and any copies that Precision has. *See id.* Of course, if Precision does elect to return the document at this point, Precision will not be prejudiced because AVCO is required to "preserve the [document] until the [privilege claim] is resolved." *Id.*

The Court GRANTS in part AVCO's motion to compel as to the Clawback Agreement. Precision is ORDERED to either (1) return the document, and any copies it has, by **May 30, 2014** or (2), alternatively, sequester the document and any copies that Precision has and not to use or disclose the information until AVCO's claim of privilege is resolved and, by **May 23, 2014**, file with the Court a certification that Precision has properly sequestered the document and any copies that Precision has and has not used or disclosed the document or any copy of it and will not use or disclose the document or any copy until AVCO's privilege claim is resolved.

4.  Attorneys' fees and expenses

The federal rules mandate an award of fees and expenses against any party that necessitates a motion to compel where the motion is granted and was caused by the responding party's failure to produce documents responsive to discovery requests. *See* FED. R. CIV. P. 37(a)(5)(A). But the Court will not award fees and expenses if (a) the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, (b) the Court determines that the response of the non-moving party was substantially justified, or (c) if other circumstances make an award of expenses unjust. *See id.*

The Court finds that the circumstances do not warrant an award of fees and

costs. While AVCO's motion is granted, Precision met and conferred with AVCO and took great strides to resolve the motion to compel before requiring Court intervention. Precision also attempted to respond to certain of the remaining discovery disputes but failed to fully respond to the discovery requests at issue.

In light of the circumstances surrounding the discovery dispute, the Court does not find that an award under Rule 37(a)(5) is warranted and DENIES AVCO's request for attorneys' fees and expenses.

## Conclusion

The undersigned GRANTS in part Third-Party Defendant Lycoming Engines', an unincorporated division of AVCO Corporation, Motion to Compel against Precision Airmotive, LLC and Precision Airmotive Holdings, LLC [Dkt. No. 140] as to the three outstanding items remaining in the parties' Joint Status Report [Dkt. No. 179]. By **May 30, 2014**, Precision is ORDERED to:

1. Respond to Interrogatory Nos. 6 & 7, providing AVCO with all instances in which Precision represented that it was a manufacturer of the MA-4-5 carburetor and/or the component parts. Precision may identify the entities and instances in general terms, based on the parties' agreement, but the use of "and others" is not an acceptable response; and

2. Respond to Interrogatory No. 16, either stating all products manufactured by AVCO that Precision has sold or affirmatively stating that no such products have been sold by Precision.

The Court further ORDERS Precision to either (1) return to AVCO the inadvertently-produced document that AVCO claims is privileged and has requested pursuant to the Clawback Agreement and Federal Rule of Civil Procedure 26(b)(5) by **May 30, 2014** or (2), alternatively, sequester the document and any copies that

Precision has and not use or disclose the information until AVCO's claim of privilege is resolved return the document and, by **May 23, 2014**, file with the Court a certification that Precision has properly sequestered the document and any copies that Precision has and has not used or disclosed the document or any copy of it and will not use or disclose the document or any copy until AVCO's privilege claim is resolved.

AVCO's request for attorneys' fees and expenses is DENIED.

SO ORDERED.

DATED: May 20, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE