IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUFACTURERS COLLECTION COMPANY, LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:12-cv-853-L |
| PRECISION AIRMOTIVE, LLC and PRECISION AIRMOTIVE HOLDINGS, LLC, | § § § § | |
| Defendants and Third-Party Plaintiffs, | § § § | |
| V. | § § | |
| LYCOMING ENGINES, an unincorporated operating division of AVCO CORPORATION, | § § § § | |
| Third-Party Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PRECISION'S MOTION TO COMPEL
DISCOVERY RESPONSES**

Defendants and Third-Party Plaintiffs Precision Airmotive, LLC and Precision

Airmotive Holdings, LLC (collectively, "Precision") have filed a motion to compel

Plaintiff Manufacturers Collection Company, LLC ("MCC") and Third-Party Defendant

AVCO Corporation ("AVCO") to produce documents in response to certain requests for

production, *see* Dkt. No. 135, which District Judge Sam A. Lindsay has referred to the

undersigned magistrate judge, *see* Dkt. No. 138.

Precision's Motion to Compel Discovery Responses [Dkt. No. 135] is GRANTED

in part and DENIED in part as explained below.

## Background

After Precision filed the Motion to Compel Discovery Responses [Dkt. No. 135], the Court set a briefing schedule and also ordered that, "if Manufacturers Collection Company or AVCO Corporation are, on the basis of attorney-client privilege, work product protection, or another privilege or immunity, withholding documents that are responsive to Defendants' discovery requests, the responding party that is withholding documents is required to serve a privilege log for any withheld documents, communications, or other materials and must do so by April 25, 2014." Dkt. No. 139 at 1-2. MCC and AVCO served privilege logs in compliance with this order. *See* Dkt. No. 147 at APP. 51-88; Dkt. No. 191. AVCO also submitted three attorneys' declarations in support of claims of attorney-client privilege, work product protection, and joint-defense privilege. *See* Dkt. No. 147 at APP. 40-50.

After the parties filed responses and a reply, *see* Dkt. Nos. 144, 145, 147, 150, 151, and 162, the Court ordered the parties to conduct an additional attorney conference and to file a joint status report, *see* Dkt. No. 182.

Complying with the Court's order, the parties filed a Joint Status Report on Precision's Motion to Compel Discovery Responses. *See* Dkt. No. 190 (the "JSR"). In the JSR, the parties reported that they reached agreement on every matter at issue in Precision's motion to compel except one: the adequacy of "the privilege logs produced by AVCO with respect to correspondence between AVCO, its insurers, and/or MCC relating to the *Pridgen* settlement, any assignments for recovery of the settlement

payment, and any documents related to the *Pridgen* settlement." *Id.* at 2-3.

## Legal Standards and Analysis

In the Motion to Compel Discovery Responses, Precision asserted waiver of MCC's and AVCO's privileges due to their failure to serve privilege logs but, alternatively, requested an order compelling MCC and AVCO to provide a log of all documents withheld on the basis of privilege. *See* Dkt. No. 136 at 2. The Court granted this alternative request at the same time that it set a briefing scheduling on Precision's motion. *See* Dkt. No. 139 at 1-2. Precision no longer asserts a claim of waiver, *see* Dkt. No. 190 at 7, which the Court would reject under the circumstances in any event.

But Precision does assert that AVCO and MCC have not produced adequate privilege logs. *See id.* The only remaining relief that Precision still seeks through its Motion to Compel Discovery Responses is "that the Court order AVCO and MCC to clearly identify in their privilege logs all documents that are being withheld related to the *Pridgen* settlement and settlement discussions, any assignments, and any documents that would affect MCC, AVCO, or AVCO's insurers indemnity rights or standing" and that "[s]uch documents should be individually identified by type, date, the persons involved in the correspondence, the privilege asserted, and describe with particularity the nature of the document in a manner that will not reveal the information that is itself privileged or protected." *Id.* at 7-8 (footnote omitted).

As a threshold matter, AVCO and MCC object that Precision is seeking relief through the JSR beyond what it sought in its Motion to Compel Discovery Responses, because, other than its assertion of waiver or for an order that AVCO and MCC serve

privilege logs, Precision sought to compel only "non-privileged" documents. *See id.* at 10, 14-15; Dkt. No. 147 at APP. 52; Dkt. No. 191 at APP. 4. These objections are not well-taken. Precision can fairly request a ruling through its motion of the adequacy of the logs that were served based on that motion. And a request to compel non-privileged documents generally includes documents that the responding party withholds as privileged but that are not, in fact, properly claimed as privileged. In all events, the Court finds that judicial economy will be well served by addressing the one dispute that the parties have briefed in their JSR regarding the adequacy of AVCO's and MCC's privilege logs.

MCC

Turning first to MCC's privilege log, it appears that MCC has not actually withheld any privileged or protected documents or information that are within its possession, custody, or control. *See* Dkt. No. 190 at 13; Dkt. No. 191 at APP. 4. As such, as Precision acknowledges, insofar as MCC is not withholding documents in its possession, custody, or control on the basis of attorney-client privilege, work product protection, or joint-defense privilege, there is no need to further address the adequacy MCC's privilege log. *See* Dkt. No. 190 at 8 n.2. But, if it has not already done so, MCC should amend its discovery responses to clearly state that, consistent with Federal Rules of Civil Procedure 26(b)(5)(A) and 34, it is not withholding documents in its possession, custody, or control on the basis of attorney-client privilege, work product protection, or joint-defense privilege.

AVCO

As to AVCO's privilege log, the dispute over its adequacy turns on whether AVCO can properly submit a log that is organized categorically and not "document-by-document." The Court concludes that, under these particular circumstances, AVCO can properly do so consistent with Rule 26(b)(5)(A).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). This is often accomplished through a privilege log, as the Court ordered AVCO to produce here. But it may also involve or require affidavits or declarations to make a showing of the items or categories withheld from production and the reason for their being withheld, with enough information for the requesting party to assess and the court to determine whether the withheld documents or information are privileged or are work product. *See Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473-74 (N.D. Tex. 2004).

"Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." *S.E.C. v. Thrasher*, C.A. No. 92-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996). But the 1993 advisory committee notes to Federal Rule of Civil Procedure 26(b)(5) and one line of case law suggests – and the Court now concludes – that "the courts retain some discretion to permit less detailed disclosure in appropriate cases." *Id.* The leading

decision – the short opinion out of the Southern District of New York in *Thrasher* –
noted that "the governing rules specifically provide that if detailed disclosure would,
in effect, reveal the very information that may be privileged, the party may tailor his
response to mask such sensitive information" and that "[i]t is equally apparent that,
in appropriate circumstances, the court may permit the holder of withheld documents
to provide summaries of the documents by category or otherwise to limit the extent of
his disclosure." *Id.* According to the court in *Thrasher*, "[t]his would certainly be the
case if (a) a document-by-document listing would be unduly burdensome and (b) the
additional information to be gleaned from a more detailed log would be of no material
benefit to the discovering party in assessing whether the privilege claim is well
grounded." *Id.*

In *Thrasher*, the court allowed the responding party to provide a privilege log
employing a categorical approach where the Securities and Exchange Commission
sought "production of all communications between defense counsel concerning the
lawsuit" and where "[o]n its face this demand seeks wholesale production of documents
that are ordinarily covered by the work-product rule, and, if the joint-defense principle
is applicable, very probably by the attorney-client privilege." *Id.* The court also noted
that "defendant represents without dispute that the files in question are extremely
voluminous and plausibly asserts that a document-by-document listing would be a long
and fairly expensive project for counsel to undertake" and that "defendant suggests
that disclosure of the pattern of his attorney's consultations with other counsel might
reveal some aspects of his litigation strategy." *Id.* Finally, the court explained that "the

Commission makes no effort to explain what benefit it will gain from a detailed document-by-document log" and "offers no suggestion as to why it might need the requested details in order to determine whether the work-product rule or the attorney-client privilege is likely to be applicable to some or all of the withheld documents" but, rather, "all that it argues is that it is entitled to such a log." *Id.* at *2.

Where defense "counsel [had already] represent[ed] that all of the documents in question reflect communications between defense attorneys and that all of these documents have been kept in confidence," the *Thrasher* court held that "[t]he only additional information that may be pertinent to the Commission's evaluation of the privilege claims is the following: (1) an identification of the time period encompassed by the withheld documents; (2) a listing of the individuals who were authors or addressees or were copied on the documents; [and] (3) a representation by counsel as to whether all of the documents either (a) were prepared to assist in anticipated or pending litigation or (b) contain information reflecting communications between (i) counsel or counsel's representatives and (ii) the client or the client's representatives, for the purpose of facilitating the rendition of legal services to the client." *Id.*

The Court finds the *Thrasher* decision both informative and appropriate to follow in this case, as other courts have. *See, e.g.*, *Games2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-00053-PHX-GMS, 2013 WL 4046655, at *7 (D. Ariz. Aug. 9, 2013); *United States v. Gericare Med. Supply Inc.*, No. Civ. A. 99-0366-CB-L, 2000 WL 33156442, at *4 (S.D. Ala. Dec. 11, 2000); *In re Imperial Corp. of Am. Related Litig.*, 174 F.R.D. 475, 478 (S.D. Cal. 1997).

Faced with this authority, Precision essentially argues, without much explanation, that it cannot identify which, if any, withheld documents may not be properly subject to privilege or work-product protection if all of the documents are not specifically identified. *See* Dkt. No. 190 at 5, 7. At the risk of being uncharitable, Precision's argument essentially amounts to denying that a privilege log could ever take a categorical approach.

But it is not the case that identification of a specific document is necessary, as Precision suggests, to raise a challenge to a privilege or work-product claim. Other courts have permitted a categorical privilege log where, for example, "defendants have not explained how a categorical privilege log impaired their ability to test the plaintiff's claim of work product protection, which rises or falls as a unit." *Gericare*, 2000 WL 33156442, at *4.

So, too, Precision has presented little, if any, reason to "believe that very many of [the withheld] documents would be other than protected by the attorney-client privilege or work product." *Imperial*, 174 F.R.D. at 479. And it appears that any challenge Precision may have will generally be to entire categories of documents.

The Court finds that AVCO has, in the JSR, the declarations it has submitted, and its log itself, adequately supported its taking the categorical approach in its privilege log. As AVCO explains:

> The litigation that underlies the present suit, *Pridgen*, was litigated for more than ten (10) years and involved appeals rising to the Supreme Court of Pennsylvania before it was eventually tried. *Pridgen* was originally filed in September of 2001 and the case was tried in the Spring of 2010. Following the *Pridgen* verdict, for more than a year,

-8-

communications and documents ensued regarding potential appellate remedies, post-verdict motion practice and potential post-verdict settlement discussions. Thousands of documents, both "hard copies" and "soft copies" were generated during this nearly ten (10) year timeframe. Moreover, the entirety of the *Pridgen* litigation was handled by a different law firm (Cozen O'Connor) located in a different state. Because of the volume of privileged and protected communications and documents that were generated during this ten (10) year timeframe, among other factors, it is unduly burdensome, unreasonable and overly time consuming for AVCO to provide details concerning time, persons, and general subject matter as to every individual document.

Dkt. No. 190 at 11-12.

The Court finds that the document-by-document listing that Precision demands from AVCO would be unduly burdensome; that, with a few exceptions, the additional information to be gleaned from a more detailed log would be of no material benefit to Precision in assessing whether a privilege or work-product claim is well grounded; and that a document-by-document listing of an entire litigation file – or even only documents related the *Pridgen* settlement and settlement discussions, any assignments, and any documents that would affect MCC's, AVCO's, or AVCO's insurers' indemnity rights or standing – could potentially reveal some or part of the privileged or work-product information that AVCO seeks to protect. This is so where Precision's request, on its face, seeks wholesale production of documents that are ordinarily covered by work-product protection and the attorney-client privilege and joint-defense privilege and that the declarations of counsel have affirmed are so covered.

But the Court notes that AVCO's privilege log does not fully list the individuals who were authors or addressees or were copied on the documents. Rather, the log's

categorical portion employs the "including but not limited to" device in both the Author(s) and Recipient(s) fields. *See* Dkt. No. 147 at APP. 53-63. This does not meet the *Thrasher* standard and does impact Precision's ability to assess if any documents may have been disclosed to an individual whose access to a document or information may preclude a claim of privilege or work-product protection over the document. If Precision identifies an individual whose access to a document may "break" privilege or work-product protection, Precision can then ask AVCO to more particularly identify all documents that may be affected.

The Court is also sympathetic to Precision's complaints that AVCO's categories of documents – which are limited to including "'hard copy' correspondence with and without attachments," "Email correspondence with and without attachments," and "'hard copy' and 'soft copy' documents'" – are too general to adequately describe the nature of the documents, communications, or tangible things withheld and enable Precision to assess the claim, as Rule 26(b)(5)(A) requires. But Precision has only asked for "specific details (identifying specific documents and dates) for documents relating to the *Pridgen* settlement and any assignments or agreements pertaining to the lawsuit against Precision." Dkt. No. 190 at 5. Precision also seeks more details on "any documents that would affect MCC, AVCO, or AVCO's insurers indemnity rights or standing." *Id.* at 7-8. The Court wonders how AVCO could, as a practical matter, identify this latter category of documents. But the Court will require AVCO to further breakdown the categories into subcategories providing more information on the subject matter of the documents – specifically, breaking down each category by date range and

-10-

type of authors and recipients (as the log presently does) but also by whether the withheld documents (1) relate to the *Pridgen* settlement and settlement discussions, (2) relate to any assignments, or (3) relate to other aspects of the *Pridgen* litigation. And, as to each of these more particularized categories, Precision must provide the quantity of documents or communications being withheld.

Finally, the amended privilege log must break out each type of claimed protection – including work-product protection, attorney-client privilege, joint-defense privilege, joint-prosecution privilege, allied-litigant privilege, and common legal interest – into separate rows as to each category of withheld documents. This will involve unavoidable duplication. But this further breakdown of each category should also assist Precision's in assessing whether a challenge may be necessary to a particular category of document.

## Conclusion

Precision's Motion to Compel Discovery Responses [Dkt. No. 135] is GRANTED in part and DENIED in part. Third-Party Defendant AVCO Corporation is ORDERED to serve an amended privilege log, consistent with the requirements set forth above, by **June 27, 2014**. And, if it has not already done so, Plaintiff Manufacturers Collection Company, LLC is ORDERED to, by **June 20, 2014**, amend its discovery responses to clearly state that, consistent with Federal Rules of Civil Procedure 26(b)(5)(A) and 34, it is not withholding documents in its possession, custody, or control on the basis of attorney-client privilege, work product protection, or joint-defense privilege. As to the other remaining matters in dispute, Precision's Motion to Compel

-11-

Discovery Responses [Dkt. No. 135] is otherwise DENIED.

SO ORDERED.

DATED: June 6, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE